UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WAYNE WELCHEN,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA HARRIS and COUNTY OF SACRAMENTO,<br><br>Defendants. | No. 2:16-cv-00185-TLN-KJN<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court pursuant to Plaintiff Gary Welchen's ("Plaintiff") motion for temporary restraining order. (ECF No. 2.) For the reasons set forth below, Plaintiff's motion is hereby DENIED.

### I.   FACTUAL BACKGROUND

Plaintiff is a homeless and indigent resident of Sacramento, California. (ECF No. 2 at 3.) He was arrested on January 29, 2016, by Sacramento police offers and accused of burglary. (ECF No. 2 at 3.) After his arrest, he was taken to the Sacramento County Jail and informed by jail employees that he would not be released unless he paid $10,000 in bail. (ECF No. 2 at 3.) Plaintiff asserts that the bail scheme in Sacramento is unconstitutional because it is a "wealth-based detention scheme that penalizes all indigent arrestees." (ECF No. 2 at 3.) Plaintiff has filed the instant case as a class action and moves this Court for a temporary restraining order

"prohibiting Defendants' wealth-based detention scheme and requiring that pretrial release or detention decisions be based on factors other than wealth-status." (ECF No. 2 at 2.)

## II.     LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely *to preserve the relative positions* of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*  Simply put, Plaintiff must demonstrate, "that [if] *serious* questions going to the merits were raised [then] the balance of hardships [must] tip[] *sharply* in the plaintiff's favor," in order to succeed in a request for preliminary injunction.  *Id.* at 1134–35 (emphasis added).

**III.    ANALYSIS**

For the reasons stated below, the Court finds that the first two *Winter* factors do not support granting relief.  Therefore, the Court need not address the remaining factors as Plaintiff has not met his burden for injunctive relief.  *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs").

A. <u>Likelihood of Success</u>

At the outset, the Court notes that Plaintiff's briefing is replete with one-liner platitudes concerning equal justice and wealth status.  However, the briefing fails to address the other factors that the state court considers in deciding whether bail should be applied.  In essence, Plaintiff's briefing makes overarching legal conclusions, but fails to provide this Court with facts that would enable the Court to grant the relief sought by Plaintiff.  Plaintiff's failure is more notable in this situation where Plaintiff is asking this Court to upset the status quo. *See Martin,* 740 F. 2d at 675 ("a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction.")  Furthermore, the case law cited by Plaintiff is not binding on this Court, nor does

the information before this Court provide enough detail to determine whether the bail systems that other districts have found to be unconstitutional are similar to that which is utilized in Sacramento. As such, this Court cannot find that Plaintiff is likely to succeed on the merits of this case, and this factor weighs in favor of denying injunctive relief.

### B. Irreparable Harm

Plaintiff asserts that "without intervention from this Court, Plaintiff and the class of similarly situated people will continue to suffer the serious and irreparable harm of unconstitutional jailing." (ECF No. 2 at 17.) In deciding whether Plaintiff is likely to suffer irreparable injury absent an injunction, the Court must address whether he is likely to suffer from a constitutional violation. Although Plaintiff is correct that "unconstitutionally imprisoning a human being in a jail cell in violation of her constitutional rights is undoubtedly an irreparable harm to her body and mind," (ECF No. 2 at 17), Plaintiff has not shown that the bail system employed in Sacramento is unconstitutional. Plaintiff asserts that ability to pay is the only thing that stands in the way of many indigent prisoners' release. Such an accusation is not an accurate depiction of the system, and the Court cannot find that irreparable harm exists without an accurate assessment of Sacramento's bail system. In sum, Plaintiff's freedom rhetoric is not enough to overcome Plaintiff's failure to show an actual constitutional violation. Thus, the Court finds that this factor weighs in favor of denying relief.

Because Plaintiff has failed to show a likelihood of success or irreparable harm, the Court need not address the other two *Winter* factors since Plaintiff cannot succeed under *Winter* or the Ninth Circuit's sliding scale approach. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (sliding scale approach requires a likelihood of irreparable injury to the plaintiff).

### IV. CONCLUSION

For the foregoing reasons, this Court finds that injunctive relief at this juncture of the

///

///

1 litigation is not appropriate.  As such, Plaintiff's Motion for Temporary Restraining Order (ECF
2 No. 2) is hereby DENIED.
3       IT IS SO ORDERED.

5 Dated: February 4, 2016

Troy L. Nunley
United States District Judge