1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    GARY WAYNE WELCHEN,                        No. 2:16-cv-00185-TLN-DB

12                  Plaintiff,

13           v.                                   **ORDER**

14    ROB BONTA, et al.,

15                  Defendants.

16

17          On September 22, 2022, the Court granted Plaintiff Gary Wayne Welchen's ("Plaintiff")

18    Motion for Partial Summary Judgment against Defendant Rob Bonta, in his official capacity as

19    Attorney General of California (the "Attorney General"), and Defendant Jim Cooper, in his

20    official capacity as the Sacramento County Sheriff (the "Sheriff").[1]  (ECF No. 89.)  More

21    specifically, the Court found Sacramento County's pre-arraignment bail schedule — which sets

22    specific dollar amounts for bail by reference solely to criminal charges, without allowing

23    defendants to modify an amount by making an individualized determination as to the arrestee's

24    ability to pay, risk of nonappearance, or threat of public safety before trial — violated Plaintiff's

25    _____

26    [1]      Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), "[t]he officer's successor is
      automatically substituted as a party" when a public officer "ceases to hold office while the action
27    is pending."  Fed. R. Civ. P. 25(d).  Accordingly, Jim Cooper is automatically substituted as a
      party for Scott Jones, the former Sacramento County Sheriff.  The Clerk of the Court is directed
28    to update the docket as necessary.

substantive due process rights. (*Id.* at 3, 14, 24.) Because the parties had not briefed the issue of injunctive relief, the Court ordered the parties to file supplemental briefs on the issue. (*Id.* at 24.)

The Court read and considered the parties' supplemental briefs. (ECF Nos. 97, 98, 99.) Plaintiff requests the Court impose an injunction like the Northern District of California's final injunctive order in *Buffin v. City & Cnty. of S.F.*, No. 15-cv-04959-YG. (ECF No. 99 at 4.) However, the parties in *Buffin* stipulated to a "heavily negotiated" injunction that not only enjoined enforcement of the bail schedule in San Francisco County, but also modified procedures related to pre-arraignment release in that jurisdiction. (ECF No. 99-2 at 2–3.) There is no such stipulation in the instant case. To the contrary, both Defendants contest injunctive relief. The Sheriff argues any injunctive relief should be narrowly limited to the 2016 Sacramento County bail schedule. (ECF No. 98.) The Attorney General similarly argues any injunctive relief should at most preclude it from enforcing the current, challenged bail schedule in Sacramento County.[2] (ECF No. 97.)

Having considered the parties' arguments, the Court ORDERS the following injunctive relief:

1. The Sheriff and Attorney General, in its role as supervisor over the Sheriff, are enjoined from using or enforcing the 2016 Sacramento County pre-arraignment bail schedule at issue in the instant case, as well as any subsequent pre-arraignment bail schedules in Sacramento County that set specific dollar amounts for bail by reference solely to criminal charges, without allowing defendants to modify an amount by making an individualized determination as to the arrestee's ability to pay, risk of nonappearance, or threat of public safety before trial.

In addition, the Court DENIES as moot Plaintiff's Motion for Class Certification. (ECF No. 100.) Plaintiff indicates he seeks only declaratory and injunctive relief. (ECF No. 104 at 8–

---

[2] The Attorney General also argues there is no evidence it has enforced the bail schedule or directed its implementation in any manner. (ECF No. 97 at 6.) As the Court previously stated, the Attorney General "has direct supervision" over the Sheriff pursuant to California Government Code § 12560. Accordingly, the Court finds it proper to enjoin the Attorney General in its supervisory role.

2

9.)  As such, the Court's orders grant Plaintiff and any potential class members complete relief. *See James v. Ball*, 613 F.2d 180, 186 (9th Cir. 1979) (affirming denial of class certification motion filed with motion for summary judgment, noting that "the relief sought will, as a practical matter, produce the same result as formal class-wide relief."), *rev'd on other grounds*, *Ball v. James*, 451 U.S. 355 (1981).

The Court directs the Clerk of Court to enter judgment in Plaintiff's favor consistent with this Order and the Order at ECF No. 89 and close the case.

IT IS SO ORDERED.

DATE:  September 1, 2023

Troy L. Nunley
United States District Judge

3